**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA SHERIDAN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>BARBARA LAWALL, in her official capacity as Pima County Attorney; COUNTY OF PIMA,<br><br>    Defendants-Appellees. | No. 18-17014<br><br>D.C. No. 4:16-cv-00588-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted February 4, 2020[**]
Phoenix, Arizona

Before:  O'SCANNLAIN, GRABER, and MILLER, Circuit Judges.

  Plaintiff Theresa Sheridan, a former deputy county attorney, appeals from

the summary judgment entered in favor of Defendants Barbara LaWall and the

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

County of Pima in this Title VII action. On de novo review, McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1112 (9th Cir. 2004), we affirm.

Plaintiff established a prima facie case of sex discrimination, but Defendants gave legitimate, non-discriminatory reasons for firing her. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002) (discussing shifting burden of proof). The event that precipitated the firing was an incident in which Plaintiff took unredacted medical documents from a judge's chambers, without permission, which ultimately resulted in dismissal of a criminal case on account of her intentional prosecutorial misconduct. When firing Plaintiff, Defendants emphasized her "[d]ishonest and deceitful conduct" in falsely telling the court and her supervisors that she had not looked at the unredacted records.

In addition, Plaintiff had a long history of performance problems, as to which Defendants showed considerable leniency. For example, Plaintiff's then-supervisor sought her termination during the probationary period, but Defendants gave her a chance to improve; later Plaintiff was counseled regarding unacceptable performance in areas including trial skills and demeanor in the courtroom, and she received additional training; and in formal evaluations she consistently received a score of "Does not always meet expectations" in the areas of trial preparation, trial advocacy, quality of work, and professionalism.

Plaintiff's evidence of pretext does not create a genuine dispute of material fact. A negative comment in which Defendant LaWall referred to Plaintiff as "this woman" expressed exasperation but did not display discriminatory intent. See Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005) (noting that "clearly sexist" statements by the employer are direct evidence of pretext). And the two male comparators were not similarly situated. See id. (noting that circumstantial evidence of pretext must be "specific and substantial" to survive a motion for summary judgment). About a decade before Plaintiff's termination, two male prosecutors committed intentional misconduct but were not fired. One had not been a consistently poor performer before the misconduct occurred, and neither had been dishonest with their supervisor; yet those were factors on which Defendants relied in terminating Plaintiff's employment.

**AFFIRMED.**